UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-22929-CIV-HUCK/SIMONTON

MAGICAL MILE, INC.,d/b/a/ EMA SAVAHL
DESIGN, a Florida corporation,

    Plaintiff,
vs.

LLOYD BENOWITZ a/k/a LLOYD BENZ, an
individual, BAHIYE FASHION, INC., a Florida
corporation, REINA SIMON, an individual,
BACCIO COUTURE DESIGNS CORP., a Florida
corporation, and FAUSTO ALTAMARINO, an
individual,

    Defendants.
_____/

## ORDER ON DEFENDANTS' PARTIAL MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendants Bahiye Fashion, Inc. ("Bahiye") and Reina Simon's ("Simon") Partial Motion to Dismiss [D.E. #10], filed on February 8, 2007. The Court has reviewed the Motion and the parties' submissions, and is duly advised in the premises.

Plaintiff, Magical Mile, Inc., d/b/a Ema Savahl Design ("Magical Mile"), has filed a six-count complaint, alleging claims for copyright infringement, statutory and common law trade dress infringement, and statutory and common law unfair competition. In their Motion, Bahiye and Simon (collectively "Defendants") move to dismiss Magical Mile's claims of copyright infringement (Count I), Federal Unfair Competition (Count III) and Common Law Unfair Competition (Count V). For the following reasons, the Motion is granted in part and denied in part.

I.    **Factual Background**

Magical Mile is a Florida corporation in the business of designing, manufacturing, marketing and distributing women's apparel. Bahiye is also a Florida corporation that manufactures, retails and wholesales women's apparel. Simon is a director and president of Bahiye.

Ema Savahl Design ("ESD"), Magical Mile's corporate identity, introduced "a revolutionary

1

new 3-dimensional artistic design element to its collection of dresses, halter tops, bustiers, blouses, skirts and jeans." Compl. ¶ 4. Magical Mile states that these so-called "hand-painted embellishments" are their distinctive creation and, as a result of widespread sales and promotion, are recognized and relied upon as identifying ESD as their source. On or about November 7, 2006, ESD registered the hand-painted embellishments contained in two of their fashion lines with the Register of Copyrights.

In March 2002, ESD entered into a contract with Lloyd Benowitz, a/k/a Lloyd Benz ("Benz") as an independent sales representative.[1] Benz was to market and sell ESD's clothing line, including those containing the copyrighted designs and hand-painted embellishments. Benz's relationship with ESD ended on March 28, 2005, when Benz was terminated. With knowledge of the goodwill and reputation symbolized by the Ema Savahl trademark and trade name and with knowledge of the distinctive quality of ESD's hand-painted embellishments, Benz induced other manufacturers and retailers of women's clothing, including Bahiye, to copy and sell clothing containing the copyrighted designs and imitations of ESD's distinctive hand-painted embellishments.

Bahiye, at the direction of Simon, then engaged in the production, marketing, offering for sale, and selling of women's apparel, including dresses, halter tops, bustiers, blouses, skirts and jeans, that infringe upon ESD's copyrighted designs, contain a near exact imitation of the hand-painted embellishments, and which look confusingly similar to ESD's distinctive trade dress. In its Complaint, Magical Mile alleges that Defendants deliberately and willfully copied ESD's copyrighted designs and intended to deliberately trade off the goodwill that ESD had established with its designs.

## II.     Standard of Review

In reviewing a motion to dismiss, all well-pleaded facts in Plaintiff's complaint and all reasonable inferences drawn from those facts must be taken as true. *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that Plaintiff can prove no set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bracewell v. Nicholson Air Servs., Inc.*, 680 F.2d 103, 104 (11th Cir. 1982). Nonetheless, when on the basis of a dispositive issue of law no construction of

---

[1] Benz was initially a Defendant in this matter, but all claims against him have been voluntarily dismissed pursuant to a settlement agreement.

the factual allegations will support the cause of action, dismissal of the complaint is appropriate. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. Discussion

#### A. Copyright Infringement (Count I)

Defendants first contend that Magical Mile fails to state a claim for copyright infringement because its designs are not entitled to copyright protection. In order to state a valid claim for copyright infringement, Magical Mile must allege: "(1) the specific original work that is the subject of the copyright claim; (2) that the plaintiff owns the copyright in the work; (3) that the work in question has been registered in compliance with the statute; and (4) by what acts and during what time the defendant has infringed the copyright." *Klinger v. Weekly World News, Inc.*, 747 F. Supp. 1477, 1479 (S.D. Fla. 1990). Defendants do not allege that Magical Mile has failed to plead the requirements for copyright infringement. Rather, Defendants attack the substance of Magical Mile's copyright infringement claim. For example, Defendants allege that ESD's designs do not satisfy the originality requirement of copyright because the artistic renderings are no more than a thematic concept of something that appears in the public domain. To the extent copyright protection is given, Defendants argue that because the designs depict familiar objects such as flowers and leaves, they are entitled to very narrow protection.

Defendants' contentions are misplaced at this stage in the litigation. As noted above, at the motion to dismiss stage, all well-pleaded facts in Plaintiff's complaint and all reasonable inferences drawn from those facts must be taken as true. *Oladeinde*, 963 F.2d at 1485. Magical Mile has alleged the specific original works that are the subject of the copyright claim--the specifically enumerated copyrighted items and the hand-painted embellishments. Magical Mile has alleged that it owns the copyright and that it has been properly registered. Finally, Magical Mile's complaint recounts the alleged acts by which Defendants infringed upon its copyright. Thus, Magical Mile has stated a valid claim for copyright infringement. That the claim may ultimately be inadequate is not enough to overcome such a valid claim at the motion to dismiss stage of litigation. Accordingly, Defendants motion to dismiss Magical Mile's claim for copyright infringement (Count I) is denied.

#### B. Preemption (Counts III and V)

Next, Defendants contend that Magical Mile's Lanham Act and common law claims for unfair competition are preempted by the Copyright Act. "The Copyright Act expressly preempts legal or

3

equitable rights . . . that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103." *Lipsher v. LRP Publications, Inc.*, 266 F.3d 1305, 1311 (11th Cir. 2001) (citing 17 U.S.C. § 301(a)). The Eleventh Circuit employs a two-part test to be applied in copyright preemption cases: preemption occurs if the rights at issue (1) fall within the 'subject matter of copyright' set forth in sections 102 and 103" and (2) "are 'equivalent to' the exclusive rights of section 106." *Crow v. Wainwright*, 720 F.2d 1224, 1225-26 (11th Cir. 1983). *See also Campbell v. Osmond*, 917 F. Supp. 1574, 1583 (M.D. Fla. 1996) (finding that a claim for unfair competition under the Lanham Act is only "subsumed by copyright law in so far as it attempts to protect against copying or is a claim based on a right equivalent to the exclusive rights within the scope of copyright"). The Eleventh Circuit has determined that rights are not "equivalent" if "an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action." *Foley v. Luster*, 249 F.3d 1281, 1985 (11th Cir. 2001) (quoting *Computer Assoc. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992)). Thus, if such an "extra element" is required for the plaintiff to succeed "then the right does not lie within the general scope of copyright and there is no preemption." *Id.*

The parties have not expressly addressed the first prong of the analysis, but both Magical Mile and Defendants appear to accept that Magical Mile's unfair competition claims fall within the subject matter of copyright. Indeed, Magical Mile's fashion designs seem to fall within the subject matter of copyright as set forth in section 102. Accordingly, the remaining, determinative issue is whether the unfair competition claims contain an "extra element" that places them outside the preemptive scope of copyright. "The rights provided to a copyright owner by section 106 have been described as 'the exclusive rights to do and to authorize (1) the reproduction of copyrighted work (to make copies), (2) the preparation of derivative works based on his copyrighted work, and (3) the distribution of copies of the copyrighted work to the public by sale or other transfer of ownership.'" *Donald Frederick Evans & Assoc., Inc. v. Continental Homes, Inc.*, 785 F.2d 897, 914 (11th Cir. 1986) (quoting *Schuchart & Assoc. v. Solo Serv. Corp.*, 540 F. Supp. 928, 943 (W.D. Tex. 1982).

    **1.**  **Count III (Federal Unfair Competition)**

In Count III, Magical Mile alleges that Defendants' "use, marketing and offering for sale of the

Bahiye infringing Garments . . . that incorporate the distinctive features of the hand-painted embellishment trade dress constitutes the use in commerce of false designations of origin, false and/or misleading descriptions or representations that are likely to cause confusion and mistake and to deceive consumers as to the source of origin of those products and/or the affiliation, connection or association of Defendants with ESD or the sponsorship or approval of Defendants' products by ESD." Compl. ¶ 52. The claim for unfair competition is brought pursuant to 15 U.S.C. § 1125(a).[2] Magical Mile's federal unfair competition claim is based upon Defendants' alleged trade dress infringement and not on the alleged copyright infringement. "In order to prevail on a claim for trade dress infringement . . . a plaintiff must prove three elements: (1) that the trade dress of the two products is confusingly similar; (2) that the features of the trade dress are primarily non-functional; and (3) that the trade dress is inherently distinctive or has acquired secondary meaning. *Epic Metals Corp. v. Souliere*, 99 F.3d 1034, 1038 (11th Cir. 1996) (citing *Brooks Shoe Mfg. Co. v. Suave Shoe Corp.*, 716 F.2d 854, 857 (11th Cir. 1983)). It is evident from both the statutory language and Magical Mile's Count III claim that Magical Mile seeks to protect different rights than those protected by the Copyright Act. Virtually all of the elements are distinct from the requirements in proving a claim of copyright infringement. The federal unfair competition claim seeks to protect Magical Mile's designs

---

[2] Section 1125(a) states:

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

5

from being associated or confused with Defendants', as opposed to protecting Magical Mile's rights in its copyrights under section 106. Because Magical Mile's federal unfair competition claim contains an "extra element" it is not preempted by federal copyright law and is not subject to dismissal.

### 2. Count V (Common Law Unfair Competition)

In Count V, Magical Mile alleges that "Defendants' acts of producing, marketing and selling the Bahiye infringing Garments . . . constitute unfair competition and have resulted in substantial damage to ESD's business, reputation and goodwill in violation of the common law of the State of Florida." *Id.* ¶ 62. The Eleventh Circuit has in fact determined that an "extra element" is necessary in order to prove a Florida common law unfair competition claim. *Donald Frederick Evans & Assoc., Inc.*, 785 F.2d at 914. *See also M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1493 (11th Cir. 1990) (recognizing "extra element" in Florida unfair competition claim). In *Evans*, the court found that in order to prevail on an unfair competition claim under Florida common law, a plaintiff must "establish deceptive or fraudulent conduct of a competitor and likelihood of customer confusion." *Id.* (citing *Stagg Shop of Miami, Inc. v. Moss*, 120 So.2d (Fla. 2d Dist. App. 1960). Instead of simply focusing on the copying aspect, a Florida unfair competition claim "goes to the question of marketing." *Id.* Thus, in order for Magical Mile's common law unfair competition claim to survive, Magical Mile must prove that deceptive or fraudulent conduct by Defendants and a likelihood of customer confusion. *M.G.B. Homes, Inc.*, 903 F.2d at 1493.

However, in this case Magical Mile has set forth no such allegations. Nowhere in its complaint does Magical Mile allege deceptive or fraudulent conduct or misrepresentations by Defendants. To the contrary, Magical Mile's unfair competition claim in Count V appears to be solely based on the "Defendants' acts of producing, marketing and selling the Bahiye infringing Garments." That mere allegation is insufficient to distinguish Magical Mile's common law unfair competition claim from its federal copyright infringement claim. Count V seeks only to protect those rights equivalent to those protected in section 106 of the Copyright Act. Accordingly, in the absence of any allegations of the necessary "extra element," Count V is preempted and must be dismissed.

### IV.   Conclusion

For the foregoing reasons, it is hereby

ORDERED that Defendants' Motion is GRANTED IN PART and DENIED IN PART. Defendants' Motion to Dismiss Counts I and III is DENIED. Defendants' Motion to Dismiss Count

V is GRANTED. Accordingly, Count V is DISMISSED WITHOUT PREJUDICE. Magical Mile shall have leave to filed an amended complaint on or before **Monday, May 7, 2007**.

DONE and ORDERED in Chambers at Miami, Florida this 27th day of April, 2007.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
All Counsel of Record